UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNARD T. ANDERSON BEY AND TEAM
ZENITH PLATINUM STATUS, INC.,

                              Plaintiffs,

                -against-

ROC NATION, LLC, SEAN C. CARTER,
CORPORATE CREATIONS NETWORK, INC, AND
LIVE NATION ENTERTAINMENT, INC.,

                              Defendants.

1:21-CV-3314 (PAE)

ORDER OF DISMISSAL WITH
LEAVE TO REPLEAD

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fees have been paid, alleging that

defendants violated his rights.  For the reasons set forth below, the Court dismisses plaintiff's

claims, but grants plaintiff leave to replead valid federal claims against defendants within 30

days of the date of this order.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants*

*Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16–17

(2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon*

*Oil Co.*, 526 U.S. 574, 583 (1999).  Moreover, the Court "has the power to dismiss a complaint

sua sponte for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n.11 (2d

Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard." *Thomas v.*

*Scully,* 943 F.2d 259, 260 (2d Cir. 1991) (per curiam); *see also Perez v. Ortiz,* 849 F.2d 793, 797

(2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n.3.  The

Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Bernard T. Anderson Bey ("Bey") drafted this complaint using the general complaint form provided by this Court. He filed it on behalf of himself and his company, Team

Zenith Platinum Status, Inc., against Roc Nation, LLC[1]; Sean C. Carter; Corporate Creations Network, Inc.; and Live Nation Entertainment, Inc.  After checking the box on the form to indicate that he invokes the Court's federal question jurisdiction, he lists the following (in the section in which he is asked to indicate which of his federal constitutional or federal statutory rights have been violated): "The Sherman Antitrust Act."  Dkt. 1 at 2.

Bey's complaint is not the model of clarity; he appears to raise a myriad of issues, many of which do not appear to involve the named defendants.  Bey alleges that defendants are a monopoly in the hip hop industry and deliberately work to harm Bey "by suppression of revenue generation, in cryptocurrency investments, banking, deterring the securement of master recording copyrights, as well as deterring the securement of individual income of [Bey]."  *Id.* at 5–6.  Further, he alleges that defendants have used the suppression of marketing tools and promotional campaigns to block Bey from success.  *Id.* at 6.  He also contends that defendants sabotaged "performance events, marketing, promotion and touring revenue by utilizing defendants' influence to negatively affect staff and artist participation at said events."  *Id.* at 7.  Bey further claims that defendants sabotaged his social media accounts and hacked his phone and laptop.  *Id.*  He also asserts that defendants have negatively influenced "law enforcement, court officials, and employees in the initiation of unwarranted investigations" and "attempted false charges by law enforcement as well as negative influence over family and personal relationships to discredit Plaintiff's brand."  *Id.*  Defendants allegedly suppressed "company artist brand growth where [a] Rocnation affiliated artist sought to dissolve contracts with [a]

---

[1] Although Bey lists defendant as "Rocnation LLC", defendant's website lists its name as "Roc Nation."  *See* https://www.rocnation.com/ (last visited July 8, 2021); Bloomberg Profile of Roc Nation, LLC https://www.bloomberg.com/profile/company/8239239Z:US (last visited July 8, 2021).  In this order, the Court will refer to defendant as "Roc Nation LLC (Roc Nation)."

Team Zenith Platinum Status, Inc. artist suggesting the contracts [were] slave contracts and further dissuaded Team Zenith Platinum Status, Inc. artist from company loyalty and productivity." *Id.* at 7–8. Finally, Bey states that "Team Zenith Platinum Status, Inc. can stand on its own if fairly allowed to compete in the market but with Rocnation LLC's superior market position and resources building our brand and value." *Id.* at 9.

Bey filed five motions for injunctive relief, Dkts. 2–5, 7, which appear to be unrelated to his claims against defendants. In these motions, Bey discusses numerous unrelated claims, including a housing matter and an issue regarding cryptocurrency.

## DISCUSSION

**A.     Team Zenith Platinum Status, Inc.**

Bey may not proceed *pro se* on behalf of Team Zenith Platinum Status, Inc. A person who is not an attorney may only represent himself in a *pro se* action; he may not represent another entity. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202–03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance pro se denotes (in law Latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity."). Bey may therefore bring his own claims *pro se*, but Team Zenith Platinum Status, Inc. must obtain counsel in order to proceed with this action.

Because Bey is not an attorney, the Court dismisses without prejudice his claims on behalf of Team Zenith Platinum Status, Inc.

**B.     Claims Under the Sherman Act, 15 U.S.C. § 2 and the Clayton Act, 15 U.S.C. § 15**

Bey cannot sue directly under the Sherman Act, 15 U.S.C. § 1, because "Section 1 of the Sherman Act does not itself provide a private right of action." *In re Publ'n Paper Antitrust*

4

*Litig.,* 690 F.3d 51, 62 (2d Cir. 2012).  Instead, the right to sue "is established by section 4 of the Clayton Act, which authorizes private suits by 'any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws.'"  *Id.* (quoting 15 U.S.C. § 15).  Because Bey is proceeding *pro se*, the Court will construe the complaint as invoking the private-right-of-action provisions of the Clayton Act.  *See Greene v. Conn. Bd. of Accountancy,* No. 00-CV-599, 2001 WL 286855, at *2 (D. Conn. Mar. 20, 2001) (construing a *pro se* plaintiff's antitrust claims to have been brought pursuant to the Clayton Act).

The elements of a Clayton Act claim are: "(1) [a defendant's] possession of monopoly power in the relevant market; and (2) [its] willful acquisition or maintenance of that power, as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council,* 857 F.2d 55, 73 (2d Cir. 1988); *see also In re Aluminum Warehousing Antitrust Litig.*, No. 13-MD-2481 (KBF), 2015 WL 1378946, at *23 (S.D.N.Y. Mar. 26, 2015) (violator of 15 U.S.C. § 2 can be held civilly liable under 15 U.S.C. § 15).

Bey's assertions against the defendants do not give rise to an inference that they participated in any monopolistic activity, and thus he has failed to state a claim under the Clayton Act.

## C.    Requests for Injunctive Relief

Bey filed five motions requesting preliminary injunctive relief.  To obtain such relief, Bey must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000).  Preliminary

injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Bey has failed to state a claim under the Clayton Act 15 U.S.C. § 15. The Court therefore finds that Bey has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Bey's requests for injunctive relief (ECF Nos. 2-5, 7) are denied without prejudice to renewal at a later date.

### LEAVE TO REPLEAD

Bey proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is unclear whether Bey can state any valid federal claim against named defendants, in an abundance of caution the Court grants Bey 30 days' leave to file an amended complaint to allege a claim under the Clayton Act against defendants.

In the "Statement of Claim" section of the amended complaint form, Bey must provide a short and plain statement of the relevant facts supporting each claim against each defendant.[2]  If Bey has an address for any named defendant, Bey must provide it.  Bey should include all of the information in the amended complaint that Bey wants the Court to consider in deciding whether the amended complaint states a claim for relief.  That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Bey suffered; and

d)  the relief Bey seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Bey's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Bey is entitled to relief.

Because Bey amended complaint will completely replace, not supplement, the original and amended complaints, any facts or claims that Bey wants to include from the original and amended complaints must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Bey's claims against all defendants, but grants Bey leave to file an amended complaint to replead a valid claim under the Clayton Act that complies with the standards set forth above.  Bey must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint,"

---

[2] Named defendants can be found in the caption.  The caption is located on the front page of the complaint.  Each individual defendant must be named in the caption.  Any defendants named in the caption must also be discussed in Bey's statement of claim.

and label the document with docket number 21-CV-3314 (PAE).  An Amended Complaint form is attached to this order.  No summons will issue at this time.  If Bey fails to submit an amended complaint within the time allowed and does not show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment consistent with this order and to terminate this matter.

Beys requests for injunctive relief, Dkts. 2–5, 7, are denied without prejudice to renewal at a later date.

The Clerk of Court is directed to mail a copy of this order to Bey and note service on the docket.

The Clerk of Court is further instructed to hold this matter open on the docket until judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 21, 2021
      New York, New York

_____
PAUL A. ENGELMAYER
United States District Judge