UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BERNARD T. ANDERSON BEY (C.E.O.), TEAM
ZENITH PLATINUM STATUS INC.,

                              Plaintiffs,

            -v-

ROCNATION LLC ET AL.,

                              Defendants.

21 Civ. 3314 (PAE) (JW)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

    Plaintiff Bernard T. Anderson Bey ("Bey"), proceeding *pro se*, seeks injunctive relief and damages from defendants Roc Nation, LLC[1] ("Roc Nation"), Sean C. Carter ("Carter"), and Live Nation Entertainment Inc. ("Live Nation") (collectively, "defendants").[2] *See* Dkt. 17 (amended complaint). He brings claims under the Sherman Act, 15 U.S.C. § 2, and the Clayton Act, *id.* § 15, asserting, *inter alia*, that defendants excluded him from the music industry. *See id.* at 2–8. On July 21, 2021, the Court dismissed Bey's original complaint, denied without prejudice his motions for injunctive relief, and granted leave to file an amended complaint with viable federal claims. *See* Dkt. 16 at 7–8. On August 19, 2021, Bey filed an amended complaint, Dkt. 17, and the Court referred the case to the Hon. Kevin Nathaniel Fox, United States Magistrate Judge, for

---

[1] Although Bey lists defendant as "Rocnation LLC," defendant's website lists its name as "Roc Nation." *See Roc Nation*, https://www.rocnation.com (last visited Apr. 26, 2023). The Court here refers to defendant as "Roc Nation."

[2] Bey's original complaint also named Team Zenith Platinum Status Inc., Bey's company, as plaintiff. *See* Dkt. 1 at 1. On July 21, 2021, the Court dismissed Team Zenith Platinum Status Inc. because it was not represented by counsel and, as an entity, could not be represented by Bey, who is not an attorney. *See* Dkt. 16 at 4.

general pretrial management, Dkt. 18. The case was later reassigned from Judge Fox to the Hon. Jennifer E. Willis. On September 10, 2021, Live Nation moved to dismiss the amended complaint, *see* Dkts. 25, 26, as did Roc Nation and Carter, *see* Dkts. 28, 29. On September 24, 2021, Bey opposed these motions. Dkt. 30. On September 30, 2021, Roc Nation and Carter filed a reply, Dkt. 33, and on October 4, 2021, Live Nation filed a reply, Dkt. 35.[3] The Court referred both motions to Judge Willis for a Report and Recommendation. *See* Dkts. 27, 68.

On April 22, 2022, Judge Willis issued a Report and Recommendation as to Live Nation's motion to dismiss, recommending that the Court grant the motion and find that any further amendment to the complaint would be futile. *See* Dkt. 50 ("Report on Live Nation MTD") at 8. On April 29, 2022, Bey filed objections, Dkt. 53 ("Obj. to Live Nation Report"), and on May 13, 2022, Live Nation responded, Dkt. 55. On July 8, 2022, Judge Willis issued a Report and Recommendation as to Roc Nation and Carter's motion to dismiss, also recommending that the Court grant the motion with prejudice. *See* Dkt. 94 ("Report on Roc Nation MTD") at 11. On July 20, 2022, Bey filed objections, Dkt. 98 ("Obj. to Roc Nation Report"), and on August 3, 2022, Roc Nation and Carter responded, Dkt. 100.

For the following reasons, the Court adopts both Reports in their entirety.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected

---

[3] On October 4, 2021, Judge Fox denied Bey's apparent request to file a sur-reply. *See* Dkt. 36. Nonetheless, on October 7, 2021, Bey filed a document entitled "Second Rebuttal to Defendant's Motion to Dismiss." *See* Dkt. 37.

2

to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Furthermore, "[c]ourts do not generally consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

Here, Bey raises various objections. These are not clearly articulated. However, even when reading these with the special solicitude owed to *pro se* filings, the Court does not discern any objections sufficiently "specific and clearly aimed at particular findings in the magistrate judge's report" so as to warrant *de novo* review. *Kelley v. Universal Music Grp.*, No. 14 Civ. 2968 (PAE), 2017 WL 3995623, at *2 (S.D.N.Y. Sept. 11, 2017); *see, e.g., Lewis v. Steward*, No. 19 Civ. 8085 (PAE) (OTW), 2022 WL 4592641, at *5 (S.D.N.Y. Sept. 30, 2022). Bey's

objections to Judge Willis's Report on Live Nation's motion seem largely to restate the elements of his claims or improperly add to the allegations in the amended complaint. *See generally* Obj. to Live Nation Report at 3–12. Likewise, Bey's objections to Judge Willis's Report on Roc Nation's motion largely concern, *inter alia*, discovery, other developments in the case, and seemingly new allegations relating to a government investigation, Bey's attempt to establish a limited liability company, and his federal taxes. *See* Obj. to Roc Nation Report at 2–4; *see also id.* at 8–19 (reciting objections and arguments to various filings in the case). Bey further cites his "second rebuttal" to the motions to dismiss, *see* Dkt. 37, which Judge Fox had denied him leave to file, *see* Dkt. 36 (denying application to file sur-reply) and which the Court, accordingly, will not consider here. These objections do not engage with Judge Willis's conclusion that the amended complaint fails to state claims for monopolization or a conspiracy in violation of the Sherman or Clayton Acts. *See* Report on Live Nation MTD at 7–8; Report on Roc Nation MTD at 9–10. Accordingly, the Court reviews the Reports for clear error. *See Dickerson*, 2013 WL 3199094, at *1–2. Finding none in Judge Willis's characteristically thorough and well-reasoned recommendations, the Court adopts both Reports in full.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Willis's April 22, 2022 and July 8, 2022 Reports in their entirety and dismisses the amended complaint with prejudice.

The Court respectfully directs the Clerk of the Court to terminate all pending motions, mail a copy of this decision to Bey at the address on file, and close the case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 1, 2023
       New York, New York