UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BERNARD T. ANDERSON BEY.,

                          Plaintiff,

                -v-

ROC NATION, LLC, ET AL.,

                         Defendants.

21 Civ. 3314 (PAE)

<u>OPINION & ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

    *Pro se* plaintiff Bernard T. Anderson Bey ("Bey") brought antitrust and civil conspiracy claims against defendants Live Nation Entertainment, Inc. ("Live Nation"), Roc Nation, LLC ("Roc Nation"), and Shawn C. Carter ("Carter"), stemming from the alleged suppression of Bey and his brand "Team Zenith Platinum Status Inc." *See* Dkt. 17 ("Amended Complaint") at 2–3. On May 1, 2023, the Court adopted two Reports from the Hon. Jennifer E. Willis, Magistrate Judge, dismissing Bey's claims against all defendants for failure to state a claim. Dkt. 109.

    Pending now are motions by Bey (1) to set aside findings of fact and for a new trial under, respectively, Federal Rules of Civil Procedure 52(b) and 59(e); (2) for preliminary injunctive relief; and (3) for sanctions under Federal Rule of Civil Procedure 11(b). Dkts. 110, 115, 119. On October 23, 2023, Judge Willis issued a Report and Recommendation recommending that the Court deny Bey's motions in their entirety and, in response to a request by defendants, that this Court impose an anti-filing injunction on Bey requiring him to submit a motion for leave to file and an accompanying statement before making additional filings in this

matter in the future.  *See* Dkt. 132 ("Report") at 10.  Bey timely filed objections to the Report, Dkt. 133 ("Bey Obj."), and the defendants filed responses, Dkts. 137, 138.[1]

For the reasons that follow, the Court adopts Judge Willis's recommendation in full.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When specific objections are timely made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, the Court will review the Report strictly for clear error.  *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012).  This is so even in the case of a *pro se* plaintiff.  *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE) (GWG), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing

---

[1] Bey filed a response to these responses.  Because this filing was procedurally improper and almost entirely duplicative of Bey's initial objections, the Court does not consider it.  *See* 28 U.S.C. § 636(b)(1).

*Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Furthermore, "[c]ourts do not generally consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE) (JCF), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

Here, even reading Bey's objections with the special solicitude owed to *pro se* filings, the Court cannot discern any objection sufficiently "specific and clearly aimed at particular findings in the magistrate judge's report" so as to warrant *de novo* review. *Kelly v. Universal Music Grp.*, No. 14 Civ. 2968 (PAE), 2017 WL 3995623, at *2 (S.D.N.Y. Sept. 11, 2017); *see, e.g.*, *Lewis v. Steward*, No. 19 Civ. 8085 (PAE) (OTW), 2022 WL 4592641, at *5 (S.D.N.Y. Sept 30, 2022). Instead, Bey's objections, where more than conclusory, largely concern matters completely outside the scope of the Report in the first place. *See, e.g.*, Bey Obj. at 2–3, 8–9 (arguing that Bey should have been allowed to supplement his pleadings via reply brief or otherwise); *id.* at 6–7 (asserting that defendants committed a fraud on the Court).

Accordingly, the Court reviews the Report for clear error. *See Dickerson*, 2013 WL 3199094, at *1–2; *see also DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." (citation omitted)). Finding none, the Court adopts the Report in full.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report in full and denies Bey's motions. The Court adopts by reference the content and scope of the anti-filing injunction as set out in Judge Willis's Report, and Judge Willis's thoughtful explanation of the basis and need for such an injunction.

SO ORDERED.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge

Dated: February 13, 2024
      New York, New York