UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
BERNARD T. ANDERSON BEY,

Plaintiff,

-against-

**ORDER DENYING IFP STATUS**

ROC NATION, LLC, SHAWN C. CARTER, and LIVE NATION ENTERTAINMENT, INC.,

21-CV-3314 (PAE) (JW)

Defendants.
---------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before the Court is Plaintiff Bernard T. Anderson Bey's ("Plaintiff" or "Bey") Motion for Leave to Appeal *in forma pauperis* ("IFP") at Dkt. No. 176. For the reasons set forth below, Plaintiff's Motion for IFP status for the purpose of appeal is **DENIED**.

## RELEVANT FILING HISTORY

Plaintiff, proceeding *pro se*, commenced this action in April of 2021. Dkt. No. 1. Judge Engelmayer dismissed the case with leave to re-plead on July 21, 2021. Dkt. No. 16. In August of 2021, Plaintiff filed an Amended Complaint. Dkt. No. 17. On September 10, 2021, Defendants moved to dismiss the Amended Complaint. Dkt. Nos. 25-26 (motion by Live Nation Entertainment); 28-29 (motion by Shawn C. Carter and Roc Nation, LLC). In 2022, this Court issued Report and Recommendations on both motions to dismiss recommending that they be granted. Dkt. Nos. 50 and 94. On May 1, 2023, Judge Engelmayer adopted the Report and Recommendations in

their entirety and dismissed Plaintiff's Amended Complaint with prejudice, thus terminating the case. Dkt. No. 109.

## POST-TERMINATION INJUNCTION AND CONTINUED FILINGS

After dismissal, Bey filed a Motion to Set Aside Findings of Fact under Rule 52(b), a Motion for a New Trial under 59(e), a Notice of Order to Show Cause seeking Preliminary Injunctive Relief, and Sanctions under Rule 11(b). See Dkt. Nos. 110, 115, 119. Plaintiff continued to file various letters and exhibits on the docket over subsequent months. See generally Dkt. Nos. 127-131. On August 17, 2023, Judge Engelmayer referred the Motions to this Court for a Report and Recommendation. Dkt. No. 126. On October 23, 2023, this Court issued a Report reiterating that dismissal was appropriate and recommending, among other things, a filing restriction "because so many of Plaintiff's filings have either been frivolous or failed to follow the proper procedures." Dkt. No. 132.

On February 13, 2024, Judge Engelmayer adopted the Report and Recommendation in full and imposed a filing injunction requiring that, for future filings, Plaintiff: a) submit a motion for leave to file and b) certify that filings are not frivolous or in bad faith. Dkt. No. 143 (incorporating by reference Dkt. No. 132 at 8-10). Undeterred, Plaintiff continued to freely file motions and letters throughout 2024 and 2025 without following the procedures set forth by the Court. See generally Dkt. Nos. 144-150, 152, 154-158, 160-166. On November 2, 2025, Judge Engelmayer referenced the filing injunction and the case's termination in 2023 to emphasize that "Bey is directed to cease filing any further motions on the docket." Dkt. No. 167.

Again, Bey ignored the order, filing numerous letters, Legal Objections, and a Motion to Show Cause in this matter. See generally Dkt Nos.168-171. None of these filings complied with the 2024 filing injunction.

Bey appealed the decisions denying reconsideration, imposing a filing injunction, and denying oral argument (Dkt. Nos. 143, 167) to the Second Circuit in December of 2025. Dkt. No. 172. On July 2, 2026, the Second Circuit ordered that Bey's motions would be held in abeyance pending determination by the District Court of Bey's IFP status for the purposes of appeal. Dkt. No. 175. Bey then filed a motion for leave to appeal *in forma pauperis* and explained that he seeks "de novo review for multiple 5th Amendment due process violations, as well as fraud upon the court and injunctive relief". Dkt. No. 176 at 2. In July, August, and September, Bey made various filings intended to "correct the record on appeal". Dkt. Nos. 177-179. Once again, none of these filings complied with the filing injunction.

## LEGAL STANDARD

District courts can deny a plaintiff's application to proceed IFP on appeal if the appeal would be frivolous and therefore not taken in good faith. See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). The "good faith" standard of section 1915(a)(3) is objective, regardless of "subjective beliefs . . . . concerning the merits, if any, of his claims." Adams v. Keyser, No. 16 Civ. 129 (GBD) at Dkt. No. 32, 2018 WL 2750322, at *3 (S.D.N.Y. May 29, 2018) (affirming order denying IFP status on appeal

"claims objectively lack an arguable basis in law or fact") (citing Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995)).

## DISCUSSION

For the same reasons that the Court dismissed the Complaint with prejudice in 2023 and prohibited Plaintiff from freely filing in this matter, the Court finds that Plaintiff's appeal would be frivolous. See, e.g., Dkt. Nos. 109, 132, 143. The magnitude of unauthorized filings that Plaintiff ***continues*** to make in violation of the 2024 injunction underscores the Court's belief that appeal would be frivolous and not in good faith.

## CONCLUSION

Thus, the Court **DENIES** Plaintiff's motion for leave to appeal *in forma pauperis*. Plaintiff is warned that he ***is required*** to seek leave before he files anything in the Southern District of New York, as extensively detailed in the Court's previous orders at Dkt. Nos. 132, 143, and 167.

**The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff and to close Dkt. Nos. 176, 177, 179, and any other pending motions.**

SO ORDERED.

Dated: New York, New York
September 25, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge